## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DENISE CASEY and<br>DENNIS F. CASEY, w/h, and<br>SHANE CASEY<br>31 Hopemont Drive<br>Mount Laurel, New Jersey 08054 | :<br>:<br>:<br>:<br>: | NO. |
| v. | : | |
| NEW JERSEY SKYLANDS<br>MANAGEMENT, LLC a wholly owned<br>Subsidiary of National General Holdings<br>Corporation, d/b/a New Jersey Skylands<br>Insurance Association<br>800 Superior Avenue East<br>Cleveland, Ohio 44114 | :<br>:<br>:<br>:<br>:<br>:<br>: | **COMPLAINT AND JURY DEMAND** |

## CIVIL ACTION COMPLAINT

### THE PARTIES

1. Plaintiffs, Denise Casey and Dennis F. Casey, w/h, are adult individuals and citizens and residents of the State of New Jersey, residing at 31 Hopemont Drive, Mount Laurel, New Jersey 08054.

2. Plaintiff, Shane Casey (son of Denise & Dennis Casey), is an adult individual and citizen and resident of the State of New Jersey, residing at 31 Hopemont Drive, Mount Laurel, New Jersey 08054.

3. Defendant, New Jersey Skylands Management, LLC, a wholly owned subsidiary of National General Holdings Corporation d/b/a New Jersey Skylands Insurance Association (hereinafter referred to as "Skylands"), is a corporation or other business entity authorized and licensed to sell and provide automobile financial responsibility insurance in the State of New Jersey with its domicile and principal place of business located at 800 Superior Avenue East, Cleveland, Ohio 44114.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

5. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(b)(2), in the District of New Jersey in that: "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated".

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiffs aver and incorporate by reference, the averments of Paragraphs 1 through 5, as though same were fully set forth herein.

7. At all times material to this Civil Action, Plaintiff, Denise Casey and Dennis F. Casey, had a valid contract with the Defendant, Skylands, consisting of a policy of automobile insurance, Policy No. 2009482717 covering the aforesaid motor vehicle. (See Declarations Page attached as Exhibit "A").

8. At all times relevant and material to this Civil Action, the uninsured third-party tortfeasors, Corena Howard and Theodore McFadden, III, owned, operated, managed, possessed, controlled and/or leased a 2021 Chevrolet Malibu, Pennsylvania License Plate No. LMD3426.

9. On or about November 2, 2021, at approximately 3:00 P.M., Plaintiff, Shane Casey, was operating a 2012 Cadillac SRX, bearing New Jersey License Plate number No. Z98JFM, VIN No. 3GYFNAE33CS517434, northbound on Washington Lane at or near Ashbourne Road,

Cheltenham Township, Montgomery County, Pennsylvania, with Plaintiff, Denise Casey as a front seat passenger, when third-party tortfeasor, Corena Howard, operating the aforementioned vehicle, suddenly and without warning, violently collided into the rear of Plaintiffs' vehicle causing Plaintiffs, Shane Casey and Denise Casey, to sustain severe and permanent injuries hereinafter more fully set forth.

10. Third-party tortfeasors were careless and negligent in the operation of their vehicle so as to cause this collision resulting in serious and permanent injuries and damages to Plaintiffs, Denise Casey and Shane Casey.

11. The vehicle operated by third-party tortfeasor, Corena Howard, was uninsured at the time of the accident which is the subject of this lawsuit and caused the violent impact with Plaintiffs' vehicle.

## COUNT I – BREACH OF CONTRACT
## PLAINTIFF, DENISE CASEY v. DEFENDANT

12. Plaintiff avers and incorporates by reference, the averments of Paragraphs 1 through 11, as though same were fully set forth herein.

13. As a result of the negligence and carelessness of the third-party tortfeasors, jointly and/or severally, acting as aforesaid, Plaintiff, Denise Casey, was caused to sustain injuries to her bones, joints, muscles, tendons, blood vessels and soft tissues throughout her body, including but not limited to C5-6 and C6-7 broad posterior protrusions effacing the thecal sac with mild narrowing of the central canal, C3-4 through C6-7 left facet hypertrophy, C3-4 and C4-5 mild left foraminal stenosis, cervicalgia, cervical radiculopathy, thoracic spine pain, back muscle spasms, sprain of the ligaments of cervical spine, articular disc disorder of right temporomandibular joint, segmental and somatic dysfunction of cervical region, segmental and somatic dysfunction of thoracic region, segmental and somatic dysfunction of lumbar region and a severe shock to her

nerves and nervous system and various other ills and injuries; all of which injuries have, in the past, and will, in the future, cause Plaintiff, Denise Casey, great pain and suffering, are serious and permanent in nature.

14. The medical documentation establishes that as a result of the accident with the uninsured third-party tortfeasor, Corena Howard, Plaintiff, Denise Casey, sustained permanent injuries resulting in permanent residual disability.

15. As a direct and proximate result of the negligence of the uninsured third-party tortfeasors, jointly and/or severally, Plaintiff, Denise Casey, was required and will continue to require medical care and treatment, physical therapy, diagnostic testing, use of pain medications and the use of rehabilitative services and to expend various sums of money and to incur various expenses, and she may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, all to her great detriment and loss.

16. As a direct and proximate result of the negligence of the uninsured third-party tortfeasors, jointly and/or severally, Plaintiff, Denise Casey, has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in her usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures for a long and indefinite period of time in the future.

17. On the date of the aforesaid collision, Plaintiff's motor vehicle was insured under a policy of insurance issued by Defendant, Skylands, with uninsured motorist limits of $250,000.00 per person and $500,000.00 per accident.

18. At all times material to this Civil Action, Plaintiff's policy of motor vehicle insurance with the Defendant contained a provision of Uninsured/Underinsured Motorist Coverage which provided, among other things, insurance coverage for losses and damages sustained in accidents

which were caused by the negligent operation of a vehicle by third persons, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

19. The Plaintiff has complied with all of the terms, conditions and duties of the policyholder as required under the motor vehicle insurance policy with the Defendant and is entitled to be paid by the Defendant any and all damages sustained by the Plaintiff resulting from the negligence of the uninsured driver.

**WHEREFORE**, Plaintiff, Denise Casey, demands judgment in her favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## COUNT II – BREACH OF CONTRACT
## PLAINTIFF, SHANE CASEY v. DEFENDANT

20. Plaintiff avers and incorporates by reference, the averments of Paragraphs 1 through 19, as though same were fully set forth herein.

21. As a result of the negligence and carelessness of the third-party tortfeasors, jointly and/or severally, acting as aforesaid, Plaintiff, Shane Casey, was caused to sustain injuries to his bones, joints, muscles, tendons, blood vessels and soft tissues throughout his body, including but not limited to L5-S1 disc desiccation, bulging of the annulus with posterior annular tear and broad inferior protrusion type herniation, most prominent left paracentrally, the face of the thecal sac and S1 nerve roots, foraminal narrowing with exiting L5 nerve root encroachment bilaterally, L3-4 and L4-5 bulging of the annulus with inferior foraminal narrowing bilaterally, lumbar radiculopathy, sprain of the ligaments of lumbar spine, right shoulder pain, segmental and somatic dysfunction of upper extremity, cervicalgia, sprain of the ligaments of the cervical spine, thoracic spine pain, segmental and somatic dysfunction of sacral region, segmental and somatic dysfunction of lumbar

region, segmental and somatic dysfunction thoracic region, segmental and somatic dysfunction of cervical region and a severe shock to his nerves and nervous system and various other ills and injuries; all of which injuries have, in the past, and will, in the future, cause Plaintiff, Shane Casey, great pain and suffering, are serious and permanent in nature.

22. The medical documentation establishes that as a result of the accident with the uninsured third-party tortfeasor, Corena Howard, Plaintiff, Shane Casey, sustained permanent injuries resulting in permanent residual disability.

23. As a direct and proximate result of the negligence of the uninsured third-party tortfeasors, jointly and/or severally, Plaintiff, Shane Casey, was required and will continue to require medical care and treatment, physical therapy, diagnostic testing, use of pain medications and the use of rehabilitative services and to expend various sums of money and to incur various expenses, and he may be obligated to continue to expend such sums and to incur such expenditures for an indefinite period of time in the future, all to his great detriment and loss.

24. As a direct and proximate result of the negligence of the uninsured third-party tortfeasors, jointly and/or severally, Plaintiff, Shane Casey, has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in his usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures for a long and indefinite period of time in the future.

25. On the date of the aforesaid collision, Plaintiff's motor vehicle was insured under a policy of insurance issued by Defendant, Skylands, with uninsured motorist limits of $250,000.00 per person and $500,000.00 per accident.

26. At all times material to this Civil Action, Plaintiff's policy of motor vehicle insurance with the Defendant contained a provision of Uninsured/Underinsured Motorist Coverage which

provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, when that vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

27. The Plaintiff has complied with all of the terms, conditions and duties of the policyholders as required under the motor vehicle insurance policy with the Defendant and is entitled to be paid by the Defendant any and all damages sustained by the Plaintiff resulting from the negligence of the uninsured driver.

**WHEREFORE**, Plaintiff, Shane Casey, demands judgment in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## COUNT IV
## PLAINTIFF, DENNIS F. CASEY v. DEFENDANTS
### (Loss of Consortium)

28. Plaintiffs aver and incorporate by reference, the averments of Paragraphs 1 through 27, as though same were fully set forth herein.

29. As a direct and proximate result of the negligence and carelessness conduct of Defendants jointly and/or severally, Plaintiff, Dennis F. Casey, as spouse of Plaintiff, Denise Casey, has been deprived of the society, companionship, aid, assistance, earnings and earning power and loss of consortium of said spouse, all of which has and may, in the future, continue to cause him great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Dennis F. Casey, demands judgment in his favor and against Defendant in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs and reasonable attorney's fees.

## JURY DEMAND

Plaintiffs demand a jury trial.

                                 **TABAKINWOLFE, LLP**

BY: _____
       BRAD S. TABAKIN, ESQUIRE
       Attorney I.D. No. 65649
       brad@twlegal.net

BY: _____
       RICHARD A. WOLFE, ESQUIRE
       Attorney I.D. No. 78944
       rich@twlegal.net

       1000 Germantown Pike, B-3
       Plymouth Meeting, PA  19462
       (215) 525-1616 – phone
       (215) 525-5858 – facsimile

       *Attorney for Plaintiffs,*
       *Shane Casey and*
       *Denise Casey and Dennis F. Casey, w/h*